THE CHICAGO, KANSAS & NEBRASKA RAILWAY COM-
PANY v. E. W. BEHNEY *et al.*

1. RAILROAD COMPANY—*Failure to Construct Cattle-Guards — Bill of Particulars.* The plaintiffs' bill of particulars in a justice's court alleged in detail that the defendant railway company failed and refused to construct cattle-guards on its line of railroad where the same entered and left the plaintiffs' fenced pasture land, and that the plaintiffs were compelled to herd their cattle to prevent them from straying from such pasture land. *Held,* That the bill of particulars is sufficient to withstand an objection made by the defendant to the introduction of any evidence under it for the claimed reason that it did not state facts sufficient to constitute a cause of action.

2. ——— *Evidence.* The court below did not err in permitting the plaintiffs to show that it was necessary to herd their cattle, and in permitting them to show the value of such herding by a witness who was not first shown to be an expert in such matters, where the only objection made to the evidence was that it was "incompetent, irrelevant, and immaterial."

3. INSTRUCTIONS — *Damages.* The court below did not err, as against the railway company, in instructing the jury that the plaintiffs might recover for the value of the herding up to the value, but only up to the value, of the things belonging to themselves and others which might have been injured by the cattle if they had been permitted to run at large, and which things the plaintiffs had the right to protect, or which they were under obligation to protect, from the depredations of their own cattle.

*Error from Meade District Court.*

THE opinion states the facts.

*M. A. Low,* and *J. E. Dolman,* for plaintiff in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought before a justice of the peace of Meade county, on March 24, 1888, by E. H. Behney and Irving Behney, copartners, against the Chicago, Kansas & Nebraska Railway Company, to recover damages alleged to have been sustained by the plaintiffs by reason of the neglect and failure on the part of the defendant to con-

struct and maintain cattle-guards on its line of railroad where it entered and left the fenced land of the plaintiffs. Judgment was rendered in favor of the plaintiffs and against the defendant in the justice's court, and the defendant appealed to the district court, where the case was again tried, on April 11, 1889, before the court and a jury, and judgment was again rendered in favor of the plaintiffs and against the defendant for $150 and costs of suit; and the defendant, as plaintiff in error, brings the case to this court for review.

The first assignment of error is, that the court below erred in overruling the objection of the defendant below (plaintiff in error) to the introduction of any evidence by the plaintiffs, for the stated reason that the plaintiffs' petition (bill of particulars) did not state facts sufficient to constitute a cause of action. The objection to the petition is with reference to its allegations concerning damages, which are as follows:

"That the plaintiffs set apart in one tract 240 acres of said lands aforesaid, and had the same fenced, prior to the building of defendant's railway line, and have ever since used the same for a pasture of live stock, to wit, neat cattle; that the plaintiffs are owners of divers and sundry head of neat cattle, and have no other pasture for their subsistence; that on the —— day of February, 1888, the defendant company built and constructed its railway line through and over the pasture lands aforesaid, and negligently failed and refused to make and construct proper cattle-guards where said lands were entered and left by the defendant railway; that the plaintiffs, by reason of defendant's failure to construct proper cattle-guards in passing through their lands, were compelled to herd and care for said cattle, to prevent their straying from the pasture aforesaid, from the —— day of February, 1888, to the bringing of this action, to their great detriment and damage in the sum of $300."

It seems to be admitted that the petition, or rather the bill of particulars, of the plaintiffs below, was sufficient in every respect except with regard to its allegations of damages; and while it might have been made better with regard to such allegations, yet we cannot say that the court below committed any error in holding it to be sufficient. No objection was made to it except by an objection to the introduction of evidence under

it, for the claimed reason that it did not state facts sufficient to constitute a cause of action.

It is also claimed that the court below erred in permitting the plaintiffs below to show that it was necessary to herd their cattle; and in permitting them to show the value of such herding, and in permitting them to show these things by a witness who was not first shown to be an expert in such matters. Now, we do not think that any such errors were committed. First, the plaintiffs had a right to show that it was necessary to herd their cattle in order to prevent them from straying away from their pasture, and to avoid the loss of their pasture and possibly also the loss of their cattle, and to prevent the cattle from injuring the plaintiffs' own property outside of their pasture, and also to prevent their cattle from trespassing upon the property of others. Second, they had the right to show the value of such herding, and evidently the witness, or rather the witnesses, were competent to prove these things; but whether they were or not, no objection was made because of any supposed incompetency as to the witnesses, but the only objection that was made was the objection that the evidence itself was "incompetent, irrelevant, and immaterial." Such an objection is not sufficient to raise a question as to the competency of a witness.

The plaintiff in error, defendant below, also claims that the court below erred in giving the following instructions to the jury:

"5. If you should find from the evidence in this case that the plaintiffs were compelled to herd and care for their cattle in such pasture or inclosure by reason of the failure of the defendant to make such cattle-guards, and that such herding was necessary to protect the plaintiffs' own growing crops, harvested crops, or orchard, or the growing crops, harvested crops or orchard of another, such growing crops, harvested crops and orchard growing and being on land just outside of plaintiffs' inclosure, and immediately adjacent thereto, from destruction by plaintiffs' cattle passing through the openings at such points on its said road where said road enters and leaves said inclosure or pasture, then you are instructed that the plaintiffs are entitled to recover for the value of their serv-

ices in necessarily herding said cattle in order to protect said growing crops, harvested crops, and orchards.

" 6. After you have determined the value of plaintiffs' services in this case, from the evidence, then you may determine from the evidence whether the value of the growing crops, harvested crops and orchards mentioned in the foregoing instructions were of greater or less value than such services in herding said cattle.

" 7. If you find that they were of greater value, then the amount that you have found the plaintiffs should recover for their services should not be increased or diminished for this reason; but if such growing crops, harvested crops or orchards were of less value than the amount that you have found plaintiffs should recover, then you should reduce the amount that you find the plaintiffs' services to be worth to the amount of the value of such growing crops, harvested crops, and orchards."

The objections to these instructions are, that the court in substance instructed the jury that the plaintiffs would have a right to herd their cattle in order that they should not commit trespasses upon "the growing crops, harvested crops or orchards of *another;*" and that the plaintiffs might recover for the value of the herding up to the *value,* but only up to the value, of all the growing crops, harvested crops or orchards which the plaintiffs had the right to protect, or which they were under obligation to protect, from the depredations of their own cattle.   It is claimed that the plaintiffs should not recover anything for herding their cattle for the purpose of protecting other people's property from the depredations of their own cattle if they were permitted to run at large.   This claim is certainly not correct, for the plaintiffs would be liable for the trespasses of their cattle upon the property of others.   Besides, the main object of the plaintiffs was to protect their own property.

It is also claimed that the court below erred in permitting a recovery for the value of the herding up to the *value* of the growing crops, harvested crops, and orchards; that the court should have permitted a recovery for the value of the herding only up to the amount of the *damages* which the cattle would have committed to the growing crops, harvested crops, and

orchards, if the cattle had been permitted to run at large. Of course this claim of the plaintiff in error, defendant below, would to a degree be correct if it could be ascertained with any degree of certainty just the amount of the damage which would have resulted if the cattle had been permitted to run at large. But it was not shown in the present case how much or how little damage, or how much or how little injury, the cattle would have done if they had been permitted to run at large, and we cannot see how any such damage or injury might have been shown. No one could know how much or how little injury, or how much or how little damage, the cattle might have done if they had been permitted to run at large. Besides, if the plaintiffs are to recover for the value of the herding, only up to the amount of the damages which the cattle might have caused if the cattle had been permitted to run at large, then how are the plaintiffs to obtain compensation for the loss of their pasture and the possible loss of their cattle, and the possible shrinkage in value of their cattle because of a possible loss of proper food; and how are they to obtain compensation for their time and trouble and expense in hunting for and recovering their cattle? We do not think that any error, as against the defendant below, plaintiff in error, was committed by the court below in giving these instructions.

We do not think that any material error was committed by the court below as against the plaintiff in error, and therefore its judgment will be affirmed.

All the Justices concurring.