E. H. NELSON v. THE ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY.

CATTLE-GUARDS, *Failure to Maintain — Liabilities.* Where a railway company builds its road through a fenced pasture, and fails and refuses to erect and maintain cattle-guards at the entrance and exit of its road to and from the pasture, the owner is entitled to recover damages for the loss of the pasture, or, if he puts his animals therein, to reasonable compensation for his efforts in preventing them from straying from the pasture and injuring the crops on his own premises, or from trespassing on the lands of other persons. (*C. K. & N. Rly. Co. v. Behney,* 48 Kas. 47.)

*Error from Crawford District Court.*

THE facts appear in the opinion. Judgment for the defendant *Railway Company,* at the April term, 1889. The plaintiff, *Nelson,* comes to this court.

*Wells & Wells,* for plaintiff in error:

1. The several items of damage claimed by the plaintiff in his original bill of particulars constitute but one cause of action. The basis of the plaintiff's claim, out of which this cause arose, was the one act of omission of positive duty, a failure and neglect of the defendant to do an act specially enjoined by law upon it to be done under the statute. A refusal to erect and maintain a cattle-guard at a point where the

line of its road enters and leaves the plaintiff's improved and
fenced land, which single act of omission has continued for
the period of more than three years, an act of negligence un-
connected with the subject of any other act of omission or
commission.   And the statute provides that, "in order for
the injured party to recover all damages he has sustained, it
shall only be necessary for him to prove such neglect or re-
fusal"—a neglect or refusal to erect and maintain a cattle-
guard at a point where that law provides there shall be one.
Whether his damage consists in an outlay of his own labor or
that of his family, or whether it consists in an actual loss of
the use of the pasture land, whether it continued by such neg-
ligence for one day, one month, or one or three years, the ef-
fect is a deprivation of a convenience otherwise enjoyed, except
for defendant's act of negligence as defined by the statute.
Now, if it is to be said that each year of the time of such con-
tinued neglect constitutes a separate cause of action, as held by
the honorable district court, then why not separate each year
into months, weeks, days, hours, or even more minutely, and
make of them separate causes of action, and require them to
be separately stated and numbered?   There is but one cause
of action.   And the cause of the action is the defendant's
continuing act of omission.   And the gist of that single
cause of action is the plaintiff's damages sustained by the act
of the defendant, unlike some tangible force put in motion
by the defendant to the damage of the plaintiff, but a neglect
of·a positive duty enjoined by law, which is continuous to the
damage of the plaintiff.   And the yearly items and nightly
losses of use are merely the elements that go to make up the
plaintiff's damages.   Hence, we say that the district court
erred in sustaining the defendant's motion requiring the
plaintiff to separately state and number the several items of
damage and nightly loss of use of pasture as separate causes
of action.

2.  The plaintiff's amended bill of particulars, although the
yearly items of damage and nightly loss of use of pasture are
stated separately as distinct causes of action at the instance of

defendant, of which it is estopped to take advantage, if advantage there be in it, states all the material facts upon which the plaintiff bases his claim for a recovery, and does constitute a good cause of action.

In its motion the defendant company claims that plaintiff has six separate and distinct causes of action, and in its objection to testimony denies the truth of its own proposition submitted ·by motion; and the court's rulings upon the motion and objection to testimony are directly opposite to each other, as we take it. But to say the plaintiff has no cause of action upon the facts alleged, when it has been conceded and decided that he has six causes of action, seems to be the acme of presumptuous nonsense, trifling with the principles of natural justice and equity, and in violation of the accepted rules of legal ethics. The statute provides that the railroad company failing to comply with the provisions of § 1 of the act quoted shall be liable for all damages sustained by any one, etc. The plaintiff alleges that he has been damaged, and shows how he has been damaged. He says in effect that he is and has been deprived of the use of his own land by the neglect of the defendant, unless he employed himself or some other competent person to guard the opening left by defendant's line of road through his fenced land, which guarding was necessary to prevent damage accruing to himself by his stock escaping and trespassing upon the lands and crops of adjoining land-owners. This is not an action for trespass upon real estate, but an action upon a liability created by statute; and, as the defendant has already been informed to its cost, the injured party may recover for his services in preventing damage to crops. *St. L. & S. F. Rly. Co. v. Sharp,* 27 Kas. 134; *St. L. & S. F. Rly. Co. v. Ritz,* 33 id. 404.

*Geo. R. Peck, A. A. Hurd,* and *Robert Dunlap,* for defendant in error:

The court did not commit prejudicial error in requiring the plaintiff to make his bill of particulars more definite and certain. It will be seen that the motion to make more defi-

nite is sustained to the extent of requiring the plaintiff to set out the number of days he guarded the cattle during each year, who guarded the cattle, and the value thereof during each year, separately, and overruled the rest of the motion. The plaintiff then filed an amended bill of particulars, in which he set out particularly the matters required by the court. Now, there could be no prejudicial error in this order of the court. It simply required the plaintiff to set out separately for convenience the number of days he guarded the cattle during each year, and who guarded the cattle, and the value thereof during each year. It does not appear that the court in this order considered each year as constituting a separate cause of action, but if it did, inasmuch as the plaintiff complied with the order, we do not see how there has been any error so prejudicial as to require reversal of the case. Especially is this true, since, under the original bill of particulars and the amended bill of particulars, no cause of action for damages is stated against the defendant.

This brings us to the second question, as to whether the court erred in holding the amended bill of particulars insufficient as not stating a cause of action. From the amended bill of particulars, while it is uncertain as to whether, at the time of the construction of the road, or any time prior to the bringing of the suit, the land through which the railroad was constructed and operated was fenced and improved, yet the matters alleged as constituting damages are not, in legal contemplation, damages. It will be seen from the amended bill of particulars that there was a failure simply to construct a cattle-guard on the east side of the premises, and upon this east side of the premises plaintiff's pasture was situated. He does not allege that he had any crops upon his premises, or that he spent any time in guarding his premises against trespassing animals, but he simply seeks to recover for the value of his services in preventing his own animals escaping from his pasture land on the east side thereof and trespassing on the lands and crops of adjoining land-owners; and also he claims damages because he lost the use and benefit of his pas-

ture by reason of being compelled to keep his stock tied up
during the night-time and out of the pasture land, and that
by reason thereof he was compelled to provide extra feed for
his stock and lost the use of the pasture land in the night-
time during the three years.

Section 1 of chapter 81 of the Laws of 1869 provides:

"When any railroad runs through any improved or fenced
land, said railroad company shall make proper cattle-guards
on such railroad when they enter and when they leave such
improved or fenced land."

The object of this law manifestly was simply to protect the
land, or the crops, rather, upon the land, from injury from
trespassing animals, that when the owner had fenced his
land to keep out trespassing animals, when the railroad was
built through such land, it should build cattle-guards as con-
tinuations of such fence sufficient also to keep out such cattle.
Therefore, it was held by this court that, while the land-owner
might recover from the railroad company damages to his crops
which resulted from trespassing animals going upon his prem-
ises by reason of the failure to have a cattle-guard placed in
the fence, it was also the duty of the land-owner to lessen his
damages as much as possible; that, therefore, it was incum-
bent upon him to watch his crops and herd out or keep out
trespassing animals.   But that is the extent to which this
court has gone; and when the argument was made that, under
this rule, there would be no limit to the expense that the
owner of the crop might incur in the effort to protect his crop,
and that the expense might be made to exceed the value of
the crop or the injury which could have been done had not
the effort been made, this court held that he was only entitled
to reasonable compensation for the time and labor necessarily
expended in a reasonable effort to protect his crops, and would
not be entitled to compensation beyond the damage which
might be done by reason of the railway company's negligence.
See *St. L. & S. F. Rly. Co. v. Ritz*, 33 Kas. 404, 408, 409.
To the same effect is *Mo. Pac. Rly. Co. v. Ricketts*, 45 Kas.

620.   But it has never been thought that the land-owner would be entitled to compensation for his services in preventing his cattle from leaving his own premises.

The plaintiff has sustained no damage by taking care of his own stock.   The adjoining proprietor might be in a better position to claim damages from the railroad company for failure to put in a cattle-guard.   The act provides that the railroad company shall be liable for all damage sustained by anyone by reason of such neglect or refusal.   Before any cause of action arises, therefore, the party must show that he has sustained damages by reason of a failure to put in cattle-guards.   Now, in the cases heretofore cited from this court, the right to recover for services in herding out cattle was merely incidental to the right to recover for damages to the crops which had been injured.   It is claimed, however, that the plaintiff is at least entitled to nominal damages.   This claim is no doubt made now to throw costs upon the defendant.   It was not contemplated, however, by the act that for a mere failure or neglect anyone might maintain an action and recover at least nominal damages.

Cases are numerous in which duties have been imposed upon railroad companies by statute, yet, unless the neglect to perform that duty was the cause of some injury, no cause of action exists.   It is the duty of the railroad company to sound its whistle three times before approaching a public crossing, yet unless the failure to sound the whistle was the cause of the injury there can be no recovery.   *A. T. & S. F. Rld. Co. v. Morgan,* 31 Kas. 77.

The gist of the action under the statute is damages, and therefore, unless the plaintiff can show damage in legal contemplation, he cannot maintain his action.   See Wood's Mayne, Dam., § 9, p. 13; *Duckworth v. Johnson,* 4 Hurl. & Nor. 656. Of course there are cases in which the right of a plaintiff is invaded by the defendant, and in which an action may be maintained for nominal damages, at least; but these cases are upon the theory that, unless such action were maintainable for

nominal damages, a continuance of the wrongful act might ripen by prescription into a right. See Wood's Mayne, Dam., § 6, note 3, pp. 6, 7.

In the present case the plaintiff for three years quietly sought to build up an action to recover from the railroad company for odd services performed by himself and his son in keeping his own cattle upon his own premises, and without any request upon the railroad company to put in a cattle-guard at this point, or without any notification to it. So, when he could not hire his boy out to anyone else or use him to any advantage, he sought to employ him at the expense of the railroad company. In legal contemplation, however, he has not been damaged by the failure of the railroad company to put in a cattle-guard on one side of his premises. His crops were not injured; his improved or fenced land was in no sense damaged by such failure.

The opinion of the court was delivered by

JOHNSTON, J.: This action was brought by E. H. Nelson before a justice of the peace against the St. Louis & San Francisco Railway Company, to recover damages alleged to have been sustained through the failure and neglect of the company to construct cattle-guards at the points where the defendant's road enters and leaves the plaintiff's fenced premises. In his bill of particulars, he alleged in substance his ownership of the land; that it was fully improved and fenced; the building of the railway through the same; and that for more than three years the company had neglected and refused to erect and maintain cattle-guards at the point where the railway enters his pasture, by reason of which he had lost the use of the pasture; and that during the three years he and his family had been compelled to expend time and labor in guarding his cattle and horses to prevent them from leaving the pasture and trespassing upon the lands of others. He asked damages for the loss of the pasture, and for the time and labor expended in guarding his stock, in the sum of $290. An appeal was taken to the district court by the defendant, where,

on the defendant's motion, the court required the plaintiff to amend his bill of particulars by alleging the number of days he guarded the cattle during each year, who guarded the same, and the value of such services for each year separately. At the opening of the trial, the court sustained an objection to the introduction of testimony, upon the ground that the plaintiff's bill of particulars did not set forth a cause of action in his favor and against the defendant, and instructed the jury to return a verdict in favor of the defendant. Error is assigned on these rulings.

The facts alleged by the plaintiff, if proven, are certainly sufficient to warrant a recovery in his favor. The contention of the railway company is, that Nelson cannot recover for the loss of the use of his pasture, nor for guarding his own stock to prevent them from escaping from his pasture. It is said that the object of the law is to protect the land-owner from the trespasses of the animals of other proprietors, and it appears to be conceded that, if Nelson had incurred necessary expense in guarding his pasture or crops against the trespassing animals of his neighbors, he could recover for the same; but it is contended that this is the extent for which a recovery can be had. No such limitation is found in the provisions or purpose of the statute. An injured party can recover all damages necessarily resulting from the neglect and refusal of the company to perform its statutory duty by completing the plaintiff's enclosure. The loss of the pasture, or the expense necessarily incurred in an effort to prevent the cattle from straying from the pasture, is the direct consequence of the company's neglect and refusal, for which he is as much entitlen to recover as he would be for the expense incurred in preventing the incursion of the trespassing animals of other proprietors upon his premises. The same principle of compensation applies in the one case as in the other. This was determined in the case of *C. K. & N. Rly. Co. v. Behney*, 48 Kas. 47; same case, 28 Pac. Rep. 980. In that case, it was alleged that the company had built its railway through a pasture, and had failed and refused to make and maintain

cattle-guards where the road entered and left the pasture, and it was held that "the plaintiffs had a right to show that it was necessary to herd their cattle in order to prevent them from straying away from their pasture, and to avoid the loss of their pasture, and possibly also the loss of their cattle, and to prevent the cattle from injuring the plaintiff's own property outside of their pasture, and also to prevent their cattle from trespassing upon the property of others." Following the rule in that case, it must be held that the plaintiff's bill of particulars in this case set forth a cause of action in his favor, and that the court erred in sustaining an objection to plaintiff's evidence, and in directing a verdict in favor of the defendant.

The judgment will be reversed, and the cause remanded for another trial.

All the Justices concurring.